Shaw C. J.
delivered the opinion of the Court. The first question is, whether Arnold was a competent witness. It appears that he was one of the firm of Buffum & Co., the original payees and indorsers of the note, and was called as a witness *426 by the defendant, and though objected to as incompetent, was admitted.
It was not contended that the witness was incompetent on the ground of interest, and we cannot perceive that he was-His interest, if he had any, was the other way, in favor of the recovery of the plaintiff. But it is supposed to be within the rule of policy adopted in support of the free and unrestricted circulation of bills and notes, that no man shall be permitted to defeat, by his testimony, a security to which he has given credit by his indorsement. Churchill v. Suter, 4 Mass. R. 156 ; Packard v. Richardson, 17 Mass. R. 122. But we are of opinion that the case in question is not within that rule. The object of that rule is, to prevent one who has given cur rency to a note by his name and his act in negotiating it, from being allowed to prove by his testimony, that such a security is a usurious or gaming note, or tainted with fraud, so as to render it absolutely void, as well in the hands of an indorsee, as whilst held by the original party. But this is an exception to the general rule of competency, having a tendency to exclude material evidence, and ought not to be extended further than the reasons on which it is founded require. We think the witness was competent.[1]
This being a note payable on demand, it may be very ques tionable whether the general rule, designed to give an unrestricted currency to bills and notes, before they become due, can apply to a note payable on demand, which, strictly speak ing, is overdue from the time it is made ; but if it does, the evidence here shows that the note was indorsed long after it was due, and was therefore clearly within the principle, that he who takes a bill after it is due, takes it subject to all the objections and equities to which it was liable in the hands of the person from whom he took it. Sargent v. Southgate, 5 Pick. 317.
But this point is quite unimportant to the present case, because we are all of opinion, that the defence relied upon, were it set up against the original promisee, could not be sustained.
*427 The facts relied upon, and to prove which the parol evidence was offered, are, that the defendant having purchased a water power, Buffum & Co. and others interested in several manufactories, to which it was believed that such water power would be auxiliary, had agreed to purchase it of him, at a price fixed ; that for reasons satisfactory to both parties, it was thought best to delay taking deeds of the defendant, but in the mean time each of the parties advanced to the defendant a sum of money to the amount of his share ; and that the note in question was thus given by the defendant, to Buffum & Co., on their advancing their share ; and that it was further agreed, that upon the defendant’s giving a deed to the promisees for their share, the note should be given up.
To admit this evidence for this purpose, would be directly repugnant to the salutary rule, that parol evidence cannot be received, to contradict, alter or control a written obligation. The note is an unqualified promise to pay a specific sum of money, on demand ; the parol evidence would make it defeasible, upon the performance of a distinct collateral act, that of giving a certain deed. The written promise is absolute and indefeasible ; the parol agreement would make it conditional and defeasible. Such a parol defeasance would manifestly alter and control the character and effect of the written obligation.
Where such supposed undertaking or agreement is coeval with the written instrument itself, it is rejected as repugnant; as where to a note on demand, it was attempted to prove by parol evidence, that it was given upon a condition that the principal should not be called for, so long as the interest should be punctually paid, the evidence was held inadmissible. Hanson v. Stetson, 5 Pick. 506.
The case alluded to in the argument, of allowing the promisor of a note to defend upon proof, by parol evidence, that there was no consideration for the note, contrary to the admission in the note, of value received, is an exception to the general rule, standing upon its own particular reasons. The same may be said of the admission of parol evidence to control a written receipt for money.
It cannot be maintained, upon the facts stated, that this note was given without consideration. The consideration was the *428 amount of cash actually advanced ; there is no pretence that the money was advanced solely upon the agreement to have a deed, but it was upon the consideration of having a note payable on demand. It is said to be a hard case, and upon the facts shown it certainly appears to be so. But if it is so, it is because the defendant relied too confidently upon a mere temporary arrangement and undertaking, and failed to put the whole of his contract into such a form as to render it legally available.[1]

Defendant defaulted.

 See Powell v. Waters, 17 Johns. R. 176; Shamburgh v. Commagere 10 Martin, 18; Thayer v. Crossman, 1 Metc. 416; Abbot v. Mitchell, 6 Shepl 354.

 Ridout v. Bristow, 1 Crompt. & Jervis, 231; Foster v. Jolly, 1 Crompton, Mees. & R. 703; Moseley v. Hanford, 10 Barn. & Cressw. 729, Free v. Hawkins, 8 Taunt. 92; Woodbridge v. Spooner, 3 Barn. & Ald. 233; Rawson. v Walker, 1 Stark. R. 361; Hoare v. Graham, 3 Campb. 57; Campbell v. Hodgson, 1 Gow, 74; Bank of United States v. Dunn, 6 Peters’s Sup. Court R. 51; Farnham v. Ingham, 5 Vermont R. 514. But see Renner v. Bank of Columbia, 9 Wheaton, 581; Hill v. Ely, 5 Serg. & R. 363; Pike v. Street, Moody & Malk. 226; Hall v. Wilcox, 1 Moody & R. 58; Grafton Bank v. Kent, 4 N. H. R. 221. A memorandum in writing made upon a note contemporaneously with the note, is admissible to vary its terms. Leeds v. Lancashire, 2 Campb 205; Hartley v. Wilkinson, 4 Campb. 127; Stone v. Metcalf, 1 Stark. R. 53 and even, if made upon a separate piece of paper, as between the original par ties. Bowerbank v. Monteiro, 4 Taunt. 844; Gibbon v. Scott, 2 Stark. R 286